UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ZEIGER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLPET LLC,<br><br>    Defendant. | Case No. 17-cv-04056-WHO<br><br>**ORDER GRANTING LEAVE TO AMEND; GRANTING ADMINISTRATIVE MOTIONS TO FILE MATERIALS UNDER SEAL; RESOLVING DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 78, 79, 81 |

## INTRODUCTION

This Order addresses several pending matters. First, plaintiffs Daniel Zeiger and Danz Doggie Daytrips seek leave to file a second amended complaint. The proposed second amended complaint will add a claim for damages under the existing California Consumer Legal Remedies Act ("CLRA") claim, include more factual allegations regarding the presence of contaminants in an additional pet food product, and conform to my Order Granting in Part and Denying in Part Motion to Dismiss. WellPet claims undue prejudice from the amended complaint at this time, because it would require additional discovery and another motion to dismiss. However, granting leave would not require another motion, a reopening of discovery, or extending any deadlines in this case. Without a showing of substantial prejudice, I GRANT the motion for leave to file a second amended complaint.

Second, defendant WellPet brings two administrative motions to file related materials under seal. The first motion seeks to seal a portion of one sentence in their opposition to the motion for leave. The second motion seeks to seal several references to the labs that conducted tests on the pet food products at issue in this case. Both administrative motions relate to information plaintiffs designated as confidential and would reveal plaintiffs' consulting expert and

potential testifying expert. Pursuant to my Standing Order on Administrative Motions to File Under Seal, plaintiffs filed a declaration in support of sealing that rebuts the strong presumption in favor of public access. On that basis I GRANT both administrative motions to file materials under seal.

Finally, both parties ask for clarification of my previous Order Regarding Discovery Dispute. The Order is limited to disclosing the lab identities and test results specifically mentioned in the First Amended Complaint ("FAC"). As such, the Order does not include the broad swath of disclosures that WellPet now seeks ahead of expert disclosures.

**BACKGROUND**

Plaintiffs allege that WellPet knowingly, recklessly, or negligently sold certain pet food products that are contaminated with arsenic, lead, and the chemical Bisphenol A ("BPA"). FAC ¶¶ 9, 38-39, 53. WellPet manufactures the allegedly contaminated products, markets them as "natural, safe, and pure," and sells them to consumers. FAC ¶¶ 10-11, 20. Plaintiffs allege an economic injury after paying for the contaminated products, and they contend they would not have purchased the products had they known about the presence of the contaminants. FAC ¶ 28.

On January 17, 2018, I granted in part and denied in part defendants' motion to dismiss the first amended complaint. *See* Order Granting in Part and Denying in Part Motion to Dismiss [Dkt. No. 59]. I dismissed defendant Berwind for lack of personal jurisdiction, and dismissed Count VII for violation of the California Health and Safety Code Section 113095. *Id*. The parties submitted a joint letter brief regarding a discovery dispute over the production of "independent lab testing" materials, which I resolved in an April 10, 2018 Order. *See* Joint Letter Brief re: Discovery Matter [Dkt. No. 65].

In May 2018, plaintiffs sought leave to file a second amended complaint to conform the operative pleadings to the motion to dismiss, and add new allegations in support of their existing claims. Pls.' Mot. to File Second Amended Complaint at 4 [Dkt. No. 78]. WellPet filed an administrative motion to file a portion of their opposition under seal. Shortly after, WellPet filed a second administrative motion to file additional materials under seal related to the discovery dispute between the parties. Specifically, the parties seek clarification of my April 10, 2018 Order

requiring the production of certain documents. The class certification hearing is scheduled for July 17, 2019.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, it "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F. 2d 1385, 1387 (9th Cir. 1990). Courts generally weigh the following factors to determine whether leave should be granted: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). Prejudice "carries the greatest weight," but in the absence of prejudice or other factors, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

In circumstances such as this, where the plaintiffs have previously amended the complaint, a district court's discretion is particularly broad. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003), *overruled on other grounds*, *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007). A lack of diligence may warrant denying leave under Rule 15 as well. Particularly, where the party "knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982).

**DISCUSSION**

**I. Motion For Leave to File Second Amended Complaint**

Plaintiffs seek to amend the FAC to conform the operative pleadings to the recent Order on the motion to dismiss, include additional facts in support of existing claims, and introduce a claim for damages under a CLRA claim that was already alleged. Pls.' Mot. to File Second Amended Complaint at 4 [Dkt. No. 78]. WellPet responds that the proposed amendments will prejudice them. Particularly, expanding "independent lab testing" to "Plaintiff's testing," changing the lab test results underlying the claims, and adding a new product to the complaint will require

3

additional discovery and a new motion to dismiss. Opp. at 4. They also question plaintiffs' lack of explanation for adding a new product to the complaint, as well as the delay of the proposed amendment. Opp. at 5-6.

Plaintiffs contend, correctly, that WellPet is not prejudiced because: (1) it can still conduct discovery on the new test results and new product; (2) the discovery can be completed with no change to the schedule; and (3) the proposed amendments do not affect the reasoning in the previous order on their motion to dismiss. None of WellPet's arguments are convincing enough to rebut the presumption of granting leave to amend in this case.

### A. Undue Prejudice

There can be prejudice when amending the complaint introduces a new legal or factual theory that imposes additional discovery on defendants. *Jackson*, 902 F.2d at 1389 (denying leave to amend where defendant was required to conduct additional discovery in response to "different legal theories [that] require proof of different facts"). Prejudice may also be substantial if an amended complaint would require re-opening discovery. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.1999) (stating that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint").

As part of the motion for leave to amend in this case, plaintiffs seek to introduce a new allegedly contaminated product into the complaint, updated lab testing results in support of their claims, and a damages claim under the existing CLRA claim. None of these amendments imposes significant additional discovery costs to defend against a new claim or legal theory, nor requires reopening discovery.[1]

Further, changing lab results and adding a new product would not require another motion to dismiss. WellPet's initial motion to dismiss contested, in part, the plausibility of plaintiffs' fraud and consumer protection claims under Rule 9(b)'s heightened pleading standard, and the

---

[1] WellPet's frustration with the expense of discovery to-date is noted, but discovery costs are to be expected in litigation and do not render an amended complaint substantially prejudicial without a showing of bad faith, undue delay, prejudice, or futility.

4

sufficiency of their misrepresentation claims. My Order found that the complaint met these pleading standards. *See* Order Granting in Part and Denying in Part Motion to Dismiss [Dkt. No. 59]. The allegations about the independent lab testing were important to my decision denying the motion to dismiss as to plaintiffs' fraud and warranty claims. *Id.* at 12–13, 17–20. Moreover, I ordered disclosure of the independent lab testing because relying on these lab testing results was effectively a waiver of the consulting expert privilege. Revising the lab results and adding a new product does not materially change the claims that survived the motion to dismiss, and it does not change the outcome of the previous motion to dismiss. Because an amended complaint would not introduce material changes to the legal claims and defenses, there is not substantial prejudice to justify denying leave to amend.

### B. Undue Delay

Related to its prejudice argument, WellPet also suggests that plaintiffs added the new product without explanation for the delay. "The passage of time is not, in and of itself, undue delay," but the question instead is whether the plaintiffs knew the facts in the proposed amended complaint at the time of the operative pleading. *Johnson v. Serenity Transportation, Inc.*, No. 15-CV-02004-JSC, 2015 WL 4913266, at *5 (N.D. Cal. Aug. 17, 2015). In this sense, courts look for "dilatory motive." *In re: Facebook Privacy Litig.*, No.C–10–02389–RMW, 2015 WL 632329, at *2 (N.D.Cal. Feb. 13, 2015) (citation omitted).

Here, the motion for leave was filed in May 2018. The new contaminated product was reported by news outlets in April, but the lab test results were available in January 2018. WellPet suggests that plaintiffs knew about the lab results on this new product in January, or could have requested its own testing long before May 2018. A four month delay between the published lab results and the motion for leave to amend is not undue delay.

Plaintiffs may file the second amended complaint.

## II. Administrative Motions to File Under Seal

On June 4, 2018, WellPet filed an administrative motion to file a portion of a sentence in their Opposition, attached to the Declaration of Joan R. Camagong, under seal. Opp. at 6:7-9. The sealed portion relates to the identity of plaintiffs' consulting expert, which is confidential at

this stage of the litigation, and consistent with my November 30, 2017, Protective Order. *See* Protective Order [Dkt. No. 48].

On June 6, 2018, WellPet filed a second administrative motion to file additional materials under seal related to an ongoing discovery dispute. *See* Second Administrative Mot. to File Materials Under Seal [Dkt. No. 81]. The redactions sought to be sealed include the identities of two labs that plaintiffs designated as confidential in Exhibits 2-5 of the Declaration of Joan R. Camagong. These exhibits include a joint letter regarding a discovery dispute, two correspondences between the parties, and WellPet's subpoenas for documents.

If materials are attached to non-dispositive motions, good cause is sufficient to preserve sealed materials. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) ("'good cause' suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."). Here, plaintiffs adequately explained that at least one of the labs is a consulting expert, and other may be a testifying expert, which they are not yet compelled to identify under Federal Rule of Civil Procedure 26(a)(2). Good cause appears to file these documents under seal at this time. Therefore, the administrative motions to file materials under seal are GRANTED.

**III. Discovery Dispute**

On April 10, 2018, I issued an Order on a discovery dispute between the parties. *See* Order Regarding Discovery Dispute [Dkt. No. 72]. The parties disagree about the scope of that Order. Pursuant to my Standing Order for Civil Cases, the parties submitted a joint letter brief outlining the continued discovery dispute and asking for clarification of the April 2018 Order. [Dkt. No. 81].

The central dispute between the parties is whether discovery includes only the "independent lab testing" results and the name of the lab that conducted the tests, or if WellPet can discover the unredacted lab results and underlying factual material.[2] Plaintiffs argue that the

---

[2] WellPet describes the information it believes it is entitled to as: (1) quality assurance and quality control; (2) sample intake forms; (3) chain of custody for all samples; (4) documents regarding all runs performed on the samples; (5) the accuracy or sensitivity of the equipment used to collect or analyze samples; (6) sampling methods or techniques; (7) sample collection, including location of

6

Order was limited to identifying the lab and the results explicitly relied upon in the complaint to overcome the motion to dismiss, which it produced. WellPet responds that without the unredacted lab results and the underlying factual information that must have accompanied those results, the three redacted pages of production so far are meaningless. WellPet also asserts that their subpoenas on two labs are for non-privileged factual information. Plaintiffs contend that WellPet is not entitled to more disclosures because it goes beyond the scope of the Order, the documents are relied on by their consulting expert in anticipation of litigation, and they may designate the second lab as a testifying expert.

As I discussed in the previous Order, since plaintiffs explicitly alleged independent lab testing results to overcome WellPet's motion to dismiss, they cannot now claim the expert consulting privilege. *Worley v. Avanquest N. Am. Inc.*, No. C 12-04391 WHO (LB), 2013 WL 6576732, at *5 (N.D. Cal. Dec. 13, 2013) (compelling discovery because no case law suggested "that the protections afforded by Rule 26(b)(4)(B) apply to an expert who has supplied statements, findings, or opinions explicitly relied upon by a party in a pleading or motion, rather than to the conventional instance who expert who [sic] merely provides behind-the-scenes assistance to a party with respect to litigation"). Plaintiffs injected the lab results into the litigation and motion to dismiss, waiving a privilege "limited in scope only to those results specifically mentioned in the FAC --that is, information about the lab and the lab testing results" that show the values of contaminants specifically referenced in the complaint. *See* Order Regarding Discovery Dispute at 4 [Dkt. No. 72]. I also allowed for discovery of the BPA testing allegation specifically mentioned in the FAC that was not part of the independent lab testing, so that WellPet could discover the basis for those results also.

Rule 26(a)(2) requires expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26. Currently, the plaintiffs' expert disclosure deadline is January 2, 2019, and WellPet's opposition to class certification is due June 3, 2019. Given that disclosure deadline, it is not necessary to compel disclosure of additional documents relied on by plaintiffs'

---

measurements or sampling; (8) field notes and instrument logs; and (9) lab blanks used during testing process.

consulting experts that are not mentioned in the complaint. That said, it appears that new or different results for "Plaintiffs' testing" appears in the SAC on page 3, "Complete Health Whitefish and Menhaden [the new product] also contained more than 1,400 ppb of arsenic and approximately 200 ppb of lead." To the extent that "Plaintiff's testing" includes additional labs or test results mentioned in the SAC, those should also be disclosed. Plaintiffs are correct that after they submit expert opinions and testing results according to the January 2, 2019 schedule, WellPet will have the opportunity and entitlement to the additional documents and materials it seeks.

Plaintiffs also assert that one of the subpoenaed labs may be designated a testifying expert, at which time disclosures would also be appropriate after January 2, 2019. The question then becomes whether the prospect of designating the lab as an expert in the future should prevent an otherwise permissible fact discovery. Given the likelihood that the second lab will be designated as an expert subject to disclosures under Rule 26(b), I agree with plaintiffs that the subpoenas are not appropriate at this time.

## CONCLUSION

Plaintiffs' motion for leave to file the second amended complaint is GRANTED. They shall do so within seven days. WellPet's administrative motions to file the redacted materials under seal are GRANTED. To the extent the SAC references specific results from additional labs or tests, plaintiffs shall disclose them within seven days. Plaintiffs' disclosure of the redacted lab results was sufficient compliance with my earlier discovery order.

**IT IS SO ORDERED.**

Dated: June 29, 2018

William H. Orrick
United States District Judge