UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ZEIGER,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLPET LLC,<br><br>    Defendant. | Case No. 3:17-cv-04056-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE ERRATA SHEET CHANGES TO PLAINTIFF'S DEPOSITION TESTIMONY**<br><br>Re: Dkt. No. 114 |

After an emergency brought plaintiff Daniel Zeiger's deposition to an abrupt pause, he and defendant WellPet, LLC agreed that they would reschedule its completion. Prior to round two, Zeiger submitted an errata sheet that made thirteen changes to his testimony and four clarifications. WellPet moves to strike that errata sheet, arguing that it is an inappropriate vehicle for material alterations and clarifications that could have been made through questioning by plaintiff's counsel during the course of the second deposition. As set forth below, I find that six of the changes are contradictory; accordingly, I will grant the motion in part.

**BACKGROUND**

This case was initiated on July 19, 2017, and Zeiger filed a second amended complaint on July 2, 2018.[1] Dkt. Nos. 1, 95. Zeiger's deposition occurred on July 27, 2018. Declaration of Steven M. McKany ("McKany Decl.") [Dkt. No. 118-1] ¶ 2. It abruptly came to an end when Zeiger learned about an emergency, and the parties agreed to reschedule it. *Id.* ¶¶ 3-4; Declaration of Amir Nassihi ("Nassihi Decl.") Ex. A (July 2018 Depo.) [Dkt. No. 114-2] 172:19-25. After that portion of the deposition counsel for Zeiger sought to "confirm" with counsel for WellPet that

---

[1] On January 22, 2020, I denied Zeiger's request for leave to file a third amended complaint. Dkt. No. 135.

an errata statement would be "premature" until the deposition had been completed, but counsel for WellPet disagreed. *Id.* ¶ 6. Accordingly, Zeiger submitted the errata at issue on September 7, 2018. *Id.* ¶ 6. That errata notes, "These corrections/clarifications are lengthy because the deposition of Daniel Zeiger is not yet complete and so there was never an opportunity to otherwise clarify or correct the record." Nassihi Decl. Ex. B (Errata Sheet) [Dkt. No. 114-3].

The errata sheet contains seventeen entries, thirteen of which are changes and four of which are described as "clarifications" that do not change Zeiger's testimony but instead provide context for it. The changes fall into four categories. Two relate to Zeiger's inability to recall the names of all the WellPet products he purchased; the errata adds "I cannot remember the names of them all," and "I don't remember the exact names." Errata Sheet 2-3. Seven relate to the reasons for Zeiger's purchases, adding specific statements he now says he saw on the packaging, including "quality," "complete health," "nothing in excess," and "natural" where before Zeiger had testified that he could only recall "wellness." *See id.* at 4, 5. One change goes to whether Zeiger would buy WellPet products again if the misrepresentations were cured, altering "I personally would not" to "I may consider buying it." *Id.* at 6. Finally, three go to Zeiger's awareness of the presence of BPA, heavy metals, and arsenic in the world and in dog food. Although he initially testified to an awareness of BPA in food, heavy metals in fish, and arsenic in pet food, in the errata he admits only to knowing that "fish may contain mercury." *Id.* at 7.

At the second part of the deposition on January 11, 2019, WellPet asked Zeiger about the errata sheet. McKany Decl. ¶ 9; *see, e.g.*, McKany Decl. Ex. C (January 2019 Depo.) [Dkt. No. 118-2] 220:12-224:23. According to WellPet, counsel for Zeiger did not ask follow-up questions to clarify any of the earlier testimony. Motion to Strike ("MTS") [Dkt. No. 114] 10. In March 2019 WellPet raised issues with the errata sheet and requested that Zeiger withdraw it. McKany Decl. ¶ 11. According to Zeiger, WellPet rebuffed his efforts to meet and confer over the issue. *Id.*

On March 22, 2019, WellPet filed the instant motion to strike the errata sheet to Zeiger's July 2018 deposition, and it was fully briefed by May 8, 2019. *See* Opposition ("Oppo.") [Dkt. No. 118]; Reply [Dkt. No. 122]. In the months that followed, I approved several stipulations to

2

extend the hearing date on the motion to allow the parties to complete private mediation. *See* Dkt. Nos. 124, 126. A hearing on class certification is set for November 18, 2020. Dkt. No. 126.

**DISCUSSION**

First I note that the parties should have been able to resolve this issue on their own, and both are at fault for failing to do so. Zeiger should not have attempted to make the changes described below through an errata sheet; he should have waited to clarify his testimony at the second deposition.[2] WellPet, too, should have voiced its concerns earlier and agreed to meet and confer prior to filing the pending motion.

Under Federal Rule of Civil Procedure 30(e), a deponent is permitted 30 days to review the transcript or recording of a deposition and, "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1). "In the Ninth Circuit, Rule 30(e) deposition changes are subject to the 'sham rule,' which precludes a party from manufacturing an issue of fact by submitting errata or an affidavit that contradicts prior deposition testimony." *Lewis v. The CCPOA Benefit Tr. Fund*, No. 08-cv-03228-VRW-DMR, 2010 WL 3398521, at *2 (N.D. Cal. Aug. 27, 2010) (citing *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005)). In addition, changes under Rule 30(e) may only be "corrective, and not contradictory." *Hambleton*, 397 F.3d at 1226; *see Lewis*, 2010 WL 3398521, at *2-*4 (considering first whether the sham rule applied and second whether the changes were contradictory); *see also Mformation Techs., Inc. v. Research in Motion Ltd.*, 08-cv-04990-JW-HRL, 2011 WL 2940289, at *1 (N.D. Cal. July 20, 2011) (noting that courts have applied *Hambleton* to strike contradictory errata changes to deposition testimony). *But see Ochoa v. McDonald's Corp.*, No. 14-cv-02098-JD, 2015 WL 13079032, at *1 (N.D. Cal. June 2, 2015) (declining to read into *Hambleton* the "sharp restriction" that "transcript changes contradicting the original testimony are per se improper").

---

[2] Zeiger's note at the top of the errata sheet indicates that it is lengthy because "there was never an opportunity to otherwise clarify or correct the record." But the parties unquestionably intended to conduct a second deposition, which provided that opportunity. I cannot agree with Zeiger that the motion is effectively moot because WellPet had the opportunity to question him about the errata sheet during his January 2019 deposition. *See* Oppo. 4.

3

As the below chart[3] shows, six of Zeiger's errata statements are contradictory. *See Lee v. The Pep Boys-Manny Moe & Jack of California*, 12-cv-05064-JSC, 2015 WL 6471186, at *2 (N.D. Cal. Oct. 27, 2015) (striking changes from "no" to "yes" as "the 'paradigmatic example' of contradiction" and further striking changes from "I don't know" to "yes"). First, Zeiger initially testified that he did not remember the words on the packaging in 2010, but his errata sheet newly adds statements—thus changing his answer to an implied yes. *See* Errata Sheet 5-6; *Lee*, 2015 WL 6471186, at *2. Second, Zeiger testified that he "personally would not" consider buying the products if the labels indicated they may contain trace levels of arsenic, BPA, or lead, but his errata sheet makes the contrary claim that he "may consider buying it."[4] *See* Errata Sheet 6. Third, the errata sheet adds specific statements that Zeiger purportedly saw and relied on, whereas during his deposition he could only remember the word "wellness." *See* Errata Sheet 6-7. Finally, the errata sheet changes Zeiger's answers to questions about BPA and arsenic from "yes" to "no." *See id.* at 7.

| Page | Lines | Original | Change |
| --- | --- | --- | --- |
| 99 | 7-11 | I don't remember back that far, but I remember the colors. The name of it, the colors, and grain free is all I can remember. I can't recite the actual individual ingredients back then compared to now. | When making repeated purchases of Wellpet Products throughout the years, I don't remember all the statements I relied on but I think some of the statements I relied on include "Wellness," "quality," "complete health," "nothing in excess," and "natural." |
| 99 | 20-22 | Wellness, I see the colors, and I knew there were a couple other colors but the main was purple and yellow. | Although I cannot recall the specific packaging in 2010, in 2014 when making repeated purchases of Wellpet Products throughout the years, I remember relying on statements on the packaging such as "Wellness," "quality," "complete health," "nothing in excess," and "natural." |

---

[3] My reproduction of the chart does not include the "reason/clarification" column. For the changes I describe here, Zeiger claims that he seeks to clarify, that he misspoke, and/or that he became confused by the questioning.

[4] At the hearing, Zeiger argued that elsewhere in the deposition he indicated that he *would* consider buying the products under certain circumstances. That testimony—which remains part of his deposition—does not alter the fact that this entry contradicts what Zeiger said in response to the question posed in that moment.

4

| | | | |
|---|---|---|---|
| 114 | 17 | I personally would not. | I may consider buying it. |
| 134-135 | 19-1 | The samples that -- you know, you open up the bag, it's fresher than the next product. It smells. Like I said earlier, the dogs seem to like it. It comes in a fancier package. And, you know, they were – they gave samples, so basically, they promoted it. I didn't see it online or whatever. They just handed it me [sic], and I saw it on the store shelf. | The samples that -- you know, you open up the bag, it's fresher than the next product. It smells. Like I said earlier, the dogs seem to like it. It comes in a fancier package. And, you know, they were – they gave samples, so basically, they promoted it. I didn't see it online or whatever. They just handed it me [sic], and I saw it on the store shelf. I also believe that I relied on statements on the packaging such as "Wellness," "quality," "complete health," "nothing in excess," and "natural." |
| 142 | 8-9 | I understand. I don't know what levels, but yeah, it's all around us. | I don't know. |
| 169 | 24-25 | Yes, that's what we already covered. It's naturally occurring. | No, I do not know whether all pet foods contain arsenic. |

Consistent with *Hambleton*, *Lee*, and *Lewis*, I strike these statements as contradictory. Contrary to WellPet's arguments in the briefing and at the hearing, the remaining changes in the errata sheet are not contradictory because they do not effectively reverse what Zeiger said during his deposition.

## CONCLUSION

For these reasons, WellPet's motion to strike is GRANTED IN PART and the six statements listed above are STRUCK from Zeiger's deposition errata sheet.

**IT IS SO ORDERED.**

Dated: March 16, 2020

William H. Orrick
United States District Judge