Rebecca A. Peterson (State Bar No. 241858)
Robert K. Shelquist (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rapeterson@locklaw.com
       rkshelquist@locklaw.com

[Additional Counsel on Signature Page]
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL ZEIGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLPET LLC, a Delaware corporation,<br><br>Defendant. | Case No. 3:17-cv-04056-WHO<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PORTIONS OF DECLARATION OF GREGORY G. KEAN IN SUPPORT OF OPPOSITION TO MOTION FOR CLASS CERTIFICATION**<br><br>Hon. William H. Orrick |

1

## INTRODUCTION

WellPet's opposition does little to directly address the issues surrounding the challenged portions of the Declaration of Gregory G. Kean in Support of WellPet's Opposition to Plaintiff's Motion for Class Certification ("Kean Decl."). Dkt. No. 171-2.

*First*, Plaintiff seeks to remedy WellPet's introduction of highly specific technical, scientific, and specialized matters that are paradigms of expert testimony. While Plaintiff does not challenge Kean's ability to testify concerning WellPet's business, or his knowledge acquired in the course of his work for the company, WellPet impermissibly attempts to sweep in all of his opinions, and namely those concerning legal compliance, interpretation of FDA regulations or guidance, AAFCO regulations and guidance, and environmental chemistry, under the guise of Fed. R. Evid. 701. WellPet pays no attention to the fact that these matters involve "scientific, technical, or other specialized knowledge within the scope of Rule 702" and are accordingly embraced within Fed. R. Evid. 701(c).

*Second*, this motion does not represent a reargument of a portion of the parties' prior discovery dispute as it related to Kean. Dkt. Nos. 161, 164. Plaintiff quickly brought to the Court's attention three employee declarations (including Kean's) shortly after WellPet served them on the deadline for expert disclosure and weeks before the filing of WellPet's opposition to Plaintiff's certification motion. WellPet correctly points out that Plaintiff did not substantially argue the issues raised by this motion, and the Court gave no opinion on them. Rather, the Court denied a request for a further deposition of Kean based on sufficient prior disclosure, but not for purposes of Fed. R. Civ. 26(a)(2). After WellPet *filed* Kean's declaration in support of its opposition to Plaintiff's certification motion, Plaintiff filed this motion.

*Third*, WellPet argues that it will be hindered in its ability to "fully respond" to Plaintiff's certification motion if the disputed portions of the Kean Declaration are stricken. WellPet, however, chose their strategy of surfacing the declaration two years after Kean's deposition and on the deadline for expert disclosures, and crafted or at least carefully curated its contents. It did so unjustifiably with full knowledge of the requirements as evidenced by its compliance as to its other retained experts. On the other hand, the prejudice to Plaintiff by admitting the newly-created and lay expert testimony at issue is evident.

*Finally*, WellPet alternatively contends that even if Kean's opinions are considered expert testimony, it has essentially complied with Fed. R. Civ. P. 26(a)(2) requirements. This argument fails because those requirements are mandatory, and there is no exception for even arguable substantial compliance exists. "The mere percipience of a witness to the facts on which he wishes to tender an opinion does not trump Rule 702." *See e.g., Jerden v. Amstutz*, No. 04-35889, 2006 U.S. App. LEXIS 686, at 19-22 (9th Cir. Jan. 12, 2006). WellPet failed to provide any substantial justification for failure to disclose the information at issue here, its failure to harmful to Plaintiff, and it should not be permitted to use those portions of Kean's Declaration on Plaintiff's motion for class certification, or for any other purpose. Fed. R. Civ. P. 37(c)(1).

## ARGUMENT

**A.   Mr. Kean's Opinions Are Beyond the Scope of Particularized Employee Knowledge and Experience**

WellPet relies upon a *In re Google AdWords Litigation* decision in which the Court permitted a Google employee to offer lay opinions regarding Google's business under Fed. R. Evid. 701. *In re Google AdWords Litig.*, No. 5:08-cv-3369 EJD, 2012 U.S. Dist. LEXIS 1216, at *22-23 (N.D. Cal. Jan. 5, 2012), *rev'd and remanded on other grounds sub nom. Pulaski & Middleman, LLC v. Google, Inc*. 802 F.3d 979 (9th Cir. 2015); Dkt. No. 177 ("Opp."). But WellPet

3

left out a critical piece, where the court refused to allow the declarant to "opine on the merits of the case, and any such testimony will be disregarded by the Court." *Id.* at 7. That is precisely the circumstance here where Kean offers opinions on, among other things: (i) compliance with FDA regulations, guidance, and federal law (Kean Decl., ¶¶ 11, 19, 25, 38; (ii) compliance with AAFCO regulations and meeting an AAFCO "natural" definition (*Id.*, ¶¶ 11-14); and (iii) specifics concerning chemical ingredients and their occurrence in the environment (*Id.*, 11-14).

*Hynix Semiconductor, Inc. v. Rambus Inc.*, No. C-05-00334 RMW, 2008 U.S. Dist. LEXIS 16716, at *35-36 (N.D. Cal. Feb. 19, 2008) also does not aid WellPet. Opp., at 3:3-6. While the court in *Hynix* acknowledged that a person may provide lay opinion testimony concerning their own business, "[l]ay opinion testimony is [. . .] not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." *Id.* at *36.

**B.  Kean's Statements Concerning WellPet's Alleged Compliance with AAFCO Regulations, Guidance, and "Natural" Definition are Beyond Lay Opinion Testimony**

There would be nothing improper with Kean's recitation of text from AAFCO's website, as WellPet suggests, if that is all he did. Opp., at 4:22-5:4. Kean goes well beyond that by testifying to the functions of AAFCO, of which neither he nor WellPet are members and with which neither have had any direct contact, and its relationship with the FDA. Lacking that experience, Kean swears that he has personal knowledge concerning AAFCO's roles, FDA endorsement, how other states follow AAFCO guidance and their own enactment of "similar regulations regarding pet food labeling." Kean Decl., ¶¶ 11-12. After creating the impression that AAFCO guidance is authoritative (but not enforceable) Kean builds on that foundation to opine on the ultimate issue that WellPet's products satisfy AAFCO's definition of "natural." *Id.*, ¶ 14. He continues to testify

4

that Plaintiff's testing that revealed presence of heavy metals and BPA "does not affect whether the Products are natural under the AAFCO definition." *Id.*

Kean's testimony with regard to AAFCO requires highly scientific, technical, and specialized knowledge. He testifies beyond website contents, intended to impress upon the Court that the labeling and quality control affecting WellPet's products have AAFCO, and FDA, seal of approval. These opinions go to core allegations and one of the disputed and ultimate issues in this case, and are the subject of expert testimony.

**C.   Kean's Legal Opinions Speak for Themselves**

In its opposition, WellPet recharacterized all of Kean's legal opinions as ordinary indications that he "has simply read relevant documents and stated WellPet's position that it has complied." Opp., at 6:9-7:4. As a distraction, WellPet only described what Kean did and said, failing to excuse the resulting ultimate resulting opinions. These opinions interpret federal law and FDA regulations that are plainly outside lay opinion testimony, contrary to Fed. R. Evid. 701. *See* Kean Decl., ¶ 11 (opining that the products at issue comply with regulations established by AAFCO "and endorsed by FDA"); *Id.*, ¶ 19 (opining that "WellPet is fully compliant with the FDA Food Safety Modernization Act"); *Id.*, ¶ 25 (opining the conditions under which pet food manufacturers at large must apply preventative controls); *Id.*, ¶ 38 (opining that WellPet's testing "is consistent with the FDA regulations").

WellPet ignored altogether the authorities cited by Plaintiff in his motion which hold that opinions which "invade the province of the judge" or do "nothing more than tell the jury what result it should reach" are impermissible and should be excluded.[1] *See Gable v. Nat'l. Broadcasting Co.*, 727 F.Supp. 2d 815, 836 (C.D. Cal. 2010); *Nationwide Transp. Fin. V. Cass*

---

[1] *See* Mot., at 6:15-24.

5

*Info. Sys.*, 523 F.3d 1051, 1059-60). This is precisely what WellPet attempts to do through Kean's statements. Stripped of their pretensions, Kean's opinions boil down to "WellPet did nothing wrong." WellPet's wholesale casting of them as mere observations of a knowledgeable WellPet employee does not alter what they are – improper legal opinions on an ultimate issue.

**D.     The Expert Opinion Portions of Mr. Kean's Declaration Should be Stricken**

Although Plaintiff did not argue Kean's opinions are themselves flawed as an evidentiary matter at this stage, WellPet relies upon *Sali v. Coronal Reg'l Med. Ctr.*, 909 F.3d 996, 1004 (9th Cir. 2018) to alternatively argue that even if certain of Kean's statements constitute inadmissible expert opinion, they should not be stricken because inadmissible evidence can be considered in deciding whether Rule 23 requirements are satisfied. Opp., p. 7:7-16; *Sali v. Coronal Reg'l Med. Ctr*, 909 F.3d at 1004 ("[W]e have never equated a district court's 'rigorous analysis' at the class certification stage with conducting a mini-trial.") This is a well-understood principle, often cited by class plaintiffs.

Instead of objecting to the expert portions of Kean's declaration on grounds that the evidence itself is flawed, Plaintiff contests WellPet's offering into the class certification record expert opinions of an individual not disclosed under Rule 26(a)(2). Rule 26(a)(2) is mandatory and there is no exception where a witness providing this expert testimony was deposed years prior as a lay witness under Fed. R. Civ. Proc. 30(b)(6), and not even on his current opinions.[2]

But WellPet's alternative argument relies upon the notion that there is really no harm here because of the prior deposition and disclosure of Kean's identity in interrogatory responses. Opp., at 7:24-8:8. WellPet goes so far as to suggest that Kean's declaration sufficiently satisfies the

---

[2] Plaintiff deposed Kean on September 19, 2018.

requirements of Fed. R. Civ. Proc. 26(a)(2)(B) or (C). *Id.*, at 8:2-4. WellPet's "substantial compliance" approach turns the mandatory obligations of Rule 26(a)(2) on their head.

Simply put, the analysis here is binary. Either Kean is a lay witness, in which case his expert testimony should be stricken; or, Kean is serving as an expert witness, in which case WellPet's failure to comply with Rule 26(a)(2)'s mandatory disclosure requirements requires exclusion. WellPet wrongly argues that Kean's testimony should stand in either event.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be granted.

Dated: November 4, 2020                    Respectfully submitted,

/s/ Rebecca A. Peterson
Rebecca A. Peterson, #241858
Robert K. Shelquist (*pro hac vice*)
LOCKRIDGE GRANDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rapeterson@locklaw.com
         rkshelquist@locklaw.com

Brian J. Robbins
Kevin A. Seely
Trevor S. Locko
ROBBINS LLP
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsllp.com
         kseely@robbinsllp.com
         tlocko@robbinsllp.com

```
 1   Daniel E. Gustafson (pro hac vice)
     Raina C. Borrelli (pro hac vice)
 2   GUSTAFSON GLUEK PLLC
     Canadian Pacific Plaza
 3   120 South Sixth Street, Suite 2600
     Minneapolis, MN 55402
 4   Telephone: (612) 333-8844
     E-mail: dgustafson@gustafsongluek.com
 5           rborrelli@gustafsongluek.com

 6
     Charles LaDuca (pro hac vice)
 7   Katherine Van Dyck (pro hac vice)
     CUNEO GILBERT & LADUCA, LLP
 8   4725 Wisconsin Avenue NW, Suite 200
     Washington, D.C. 20016
 9   Telephone: (202) 789-3960
     Facsimile: (202) 789-1813
10   E-mail: charles@cuneolaw.com
             kvandyck@cuneolaw.com
11

12   Joseph J. DePalma (pro hac vice)
     Susana Cruz Hodge (pro hac vice)
13   LITE DEPALMA GREENBERG, LLC
     570 Broad Street, Suite 1201
14   Newark, NJ 07102
     Telephone: (973) 623-3000
15   E-mail: jdepalma@litedepalma.com
             scruzhodge@litedepalma.com
16

17   Kenneth A. Wexler (pro hac vice)
     Mark J. Tamblyn
18   Michelle Perkovic (pro hac vice)
     WEXLER WALLACE LLP
19   55 W. Monroe Street, Suite 3300
     Chicago, IL 60603
20   Telephone: (312) 346-2222
     Facsimile: (312) 346-0022
21   E-mail: kaw@wexlerwallace.com
             mjt@wexlerwallace.com
22           mp@wexlerwallace.com

23
     Attorneys for Plaintiff
24
```

8

PLAINTIFF'S REPLY MEMORANDUM ISO MOTION TO STRIKE PORTIONS
OF DECLARATION OF GREGORY G. KEAN
CASE NO. 3:17-CV-04056-WHO