UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ZEIGER,<br><br>   Plaintiff,<br><br> v.<br><br>WELLPET LLC,<br><br>   Defendant. | Case No. 3:17-cv-04056-WHO<br><br>**ORDER (1) CERTIFYING SETTLEMENT CLASS; (2) APPROVING CLASS ACTION SETTLEMENT; (3) AWARDING ATTORNEY'S FEES, COSTS, AND SERVICE AWARD; AND (4) DISMISSING ACTION WITH PREJUDICE**<br><br>Re: Dkt. No. 243 |

Upon consideration of Plaintiff's Motion For Final Approval of Settlement and the Memorandum, Declaration(s), and Exhibits attached thereto, any opposition and reply thereto, and the record before this Court, it is hereby ORDERED that:

1.  *MOTION*: Plaintiff's Motion is GRANTED.

2.  *SETTLEMENT*: The Settlement Agreement is approved under Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Settlement Agreement and the Settlement it incorporates are fair, reasonable, and adequate taking into consideration the applicable issues raised in the Procedural Guidance for Class Action Settlements. The Court finds that the Settlement Agreement is not the result of collusion. The Settlement Agreement was entered into at arm's-length by experienced counsel after extensive negotiations spanning months, including with Honorable Joseph C. Spero (upon referral for settlement).

3.  *TERMS*: For purposes of this Final Approval Order ("Order") and the Final Judgment ("Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement.

4. ***JURISDICTION***: For purposes of the Settlement of this action, the Court finds it has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members, and venue is proper.

5. ***CLASS COUNSEL***: The Court appoints Plaintiff Daniel Zeiger as the Class Representative and the attorneys specified in paragraph 1 of the Settlement Agreement as Class Counsel.

6. ***SETTLEMENT CLASS***: The Court finds and concludes that, for the purposes of approving this Settlement only, the proposed Rule 23(b)(2) Settlement Class, which expands the injunctive class definition certified by the Court on February 26, 2021, meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims or defenses of the Class Representative are typical of the claims or defenses of the Settlement Class; (d) Class Representative and Class Counsel will fairly and adequately protect the interests of the Settlement Class because the Class Representative has no interests antagonistic to the Settlement Class, and has retained counsel who are experienced and competent to prosecute this matter on behalf of the Settlement Class; and (e) the Defendant has acted on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole. The Court accordingly certifies, for settlement purposes only, a class under Rule 23(b)(2), consisting of all natural persons in the United States who, between July 1, 2013, and September 1, 2021, purchased in the United States, for household use and not for resale or distribution, one of the Covered Products.[1]

7. ***NOTICE***: The Court finds that the notice described in paragraph 4 of the Settlement Agreement is sufficient notice. *See* Fed. R. Civ. P. 23(c)(2)(A) (stating that under Rule 23(b)(2) the court "***may*** direct appropriate notice to the class") (emphasis added). The Court finds that no further notice is required because the Settlement Agreement only releases the Class Representative from all claims and the Settlement Class from injunctive and/or declaratory relief,

---

[1] "Covered Products" means all products listed as "Covered Products" in paragraph 1 of the Settlement Agreement.

thus not binding the unnamed class members to execute a release of any monetary or damages claims. *See* Settlement Agreement, ¶¶4, 6. Accordingly, the Settlement expressly preserves the individual legal rights of class members to pursue monetary claims against the Defendant. *See, e.g.*, *Lilly v. Jamba Juice Co.*, No. 13-cv-02998-JST, 2015 WL 1248027, at *8–9 (N.D. Cal. Mar. 18, 2015);  The Court finds that Defendant has satisfied all notice requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715, including that at least ninety (90) days have passed without the Court receiving an objection or response to the Settlement Agreement, including from any recipient of the CAFA notices. This fact further supports the fairness of the Settlement.

8. **_INJUNCTIVE RELIEF_**: Defendant shall comply with the injunctive relief described in the Settlement Agreement at paragraph 2 and its subparts, except that the "Testing Period," which is defined to run from January 3, 2022 until January 2, 2026 in Paragraph 1 of the Settlement Agreement, shall instead commence 120 days from the entry of this Order and shall remain in effect for a period of four (4) years from the commencement date, unless extended by the parties as set forth in the Settlement Agreement.  Defendant shall ensure that the agreed-upon testing is accomplished (*see* Settlement Agreement, ¶2.1 *et seq.*) as well as the agreed upon disclosures of testing results (*see id.*, ¶2.2 *et seq.*). Nothing in this Order shall preclude Defendant from making further changes to any of its product labels or marketing: (1) that Defendant reasonably believes are necessary to comply with a statute, regulation, decision, or other law of any kind; (2) that are permitted by product changes or additional testing or development work and/or to ensure Defendant provides accurate product descriptions; or (3) that are more detailed than those required by this Order.

9. **_RELEASED CLAIMS_**: By operation of this Order, the Released Parties shall be released of the Released Claims, consistent with paragraph 6 of the Settlement Agreement.  The Settlement Agreement and this Order shall be the exclusive remedy for any and all Released Claims of the Class Representative, Settlement Class Members, and Defendant. This Order, the Judgment, the Settlement, any of its terms and provisions, any of the negotiations or proceedings connected with it, and any of the documents or statements referred to therein:

3

      a.    Shall not be offered or received against Defendant or any other of the Released Parties as evidence of, construed as, or deemed to be evidence of any presumption, concession, or admission by Defendant or Released Parties with respect to the truth of any fact alleged by the Class Representative or the validity of any claim that was or could have been asserted against any Defendant or Released Parties in this action or in any litigation, or of any liability, fault, misconduct, or wrongdoing of any kind of any of the Defendant or Released Parties;

      b.    Shall not be offered or received against Defendant or Released Parties as evidence of a presumption, concession, or admission of any liability, fault, misconduct, or wrongdoing by any Defendant or the Released Parties or against the Class Representative or any Settlement Class Members as evidence of any infirmity in the claims of the Class Representative or the other Settlement Class Members;

      c.    Shall not be offered or received against Defendant or Released Parties, or against the Class Representative or any other Settlement Class Members, as evidence of a presumption, concession, or admission with respect to any liability, fault, misconduct, or wrongdoing of any kind, or in any way referred to for any other reason as against any Defendant or Released Parties, in any other civil, criminal, regulatory, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement and this Order and the Judgment; provided, however, that Defendant or any of the other Released Parties may refer to this Order, the Judgment, and the Settlement to effectuate the protection from liability granted them thereunder;

      d.    Shall not be construed against the Defendant or Released Parties, or against the Class Representative or any other Settlement Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

      e.    Shall not be construed against the Class Representative or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages would not be recoverable under the complaint or amended complaint in this action.

4

10. ***ATTORNEYS' FEES AND SERVICE AWARD***: The Court orders that Class Counsel is entitled to reasonable attorneys' fees and litigation expenses incurred in connection with the Settlement of this action, in the amount of $2,050,000.00 (the "Fee Award"), consistent with the amount referenced in paragraph 3 of the Settlement Agreement. The Court further finds that the Class Representative is entitled to a reasonable service award, in the amount of $7,000.00 (the "Service Award"), to be paid for by Class Counsel, out of the above-referenced $2,050,000 Fee Award.  Rule 23(h) of the Federal Rules of Civil Procedure provides that, in a certified class action, "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Like all provisions in a class action settlement, attorneys' fees awards must be "fundamentally fair, adequate and reasonable." *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003) (citing Fed. R. Civ. P. 23(e)). The Fee and Service Awards are justified here, based on the results obtained, the experience and skill of Counsel, the reasonableness of the hourly rates, complexity of issues, the risk of nonpayment, the preclusion of other work, and the involvement of the Class Representative throughout this lengthy litigation process. The time declared to have been expended by Class Counsel is reasonable in amount in view of the complexity and subject matter of this litigation, the skill and diligence with which it has been prosecuted and defended, and the quality of the result obtained for the Class. The amount of the Fee Award awarded herein is consistent with awards in similar cases. The Class Representative has actively participated in and assisted Class Counsel with this litigation for the substantial benefit of the Class. He has waived his right to pursue potential individual claims or relief in this action.  Apart from the requested Service Award, the Class Representative will receive no settlement payments or benefits of any nature, other than the injunctive relief available to the Class generally.  The Court hereby approves a Fee Award to the Class Counsel in the amount of $2,050,000.00, and approves a Service Award to the Class Representative in the amount of $7,000.00 (to be paid to the Class Representative by the Class Counsel, out of the Fee Award paid to the Class Counsel by the Defendant). Class Counsel shall be responsible for allocating and distributing the Fee Award to and among Class Counsel.

11. **EXTENSIONS OF TIME:** Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

12. **RETENTION OF JURISDICTION**: The Court shall retain jurisdiction over (a) any claim relating to the Settlement Agreement (including all claims for enforcement of the Settlement Agreement and/or all claims arising out of a breach of the Settlement Agreement), (b) any future claims by any Settlement Class Member relating in any way to the Released Claims, and (c) any other matters related or ancillary to the foregoing.

13. **EFFECT OF ORDER NOT BECOMING FINAL**: In the event that this Order and Judgment do not become Final or the Settlement is terminated pursuant to the terms of the Settlement Agreement, then this Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement, and shall be vacated to the extent provided by the Settlement and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement; and (b) the fact of the Settlement shall not be admissible in any trial of this action and the settling Parties shall be deemed to have reverted to their respective status in this action immediately prior to March 1, 2021.

14. **FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE**: By operation of this Order, this action is hereby dismissed with prejudice. A separate Judgment shall be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: April 22, 2022

William H. Orrick
United States District Judge