Pages 1 - 7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Orrick, Judge

ZEIGER, *et al.*,              )
                               )
    Plaintiffs,              )
                               )
VS.                            )    **NO. 17-CV-04056**
                               )
WELLPET, LLC, *et al.*,        )
                               )
    Defendants.              )
_____)

                                  San Francisco, California
                                  Wednesday, April 20, 2022

**TRANSCRIPT OF REMOTE ZOOM VIDEOCONFERENCE PROCEEDINGS**

**APPEARANCES VIA ZOOM:**

For Plaintiffs:
                              LOCKRIDGE GRINDAL NAUEN, P.L.L.P.
                              100 Washington Avenue South
                              Suite 2200
                              Minneapolis, Minnesota 55401
                              **BY: REBECCA PETERSON, ATTORNEY AT LAW**

                              GUSTAFSON GLUEK, PLLC
                              120 South Sixth Street, Suite 2600
                              Minneapolis, Minnesota 55402
                              **BY: DAN GUSTAFSON, ATTORNEY AT LAW**


(APPEARANCES CONTINUED ON FOLLOWING PAGE)


TRANSCRIPTION SERVICE BY:   Dipti Patel, CET-997
                              Liberty Transcripts
                              7306 Danwood Drive
                              Austin, Texas 78759
                              (847) 848-4907

**APPEARANCES VIA ZOOM: (CONTINUED)**

For Defendants:
                         BRAUNHAGEY & BORDEN LLP,
                         351 California Street, Floor 10
                         San Francisco, California 94104
                  **BY: MATT BORDEN, ATTORNEY AT LAW**
                         **DAVID KWASNIEWSKI, ATTORNEY AT LAW**

                         SHOOK HARDY & BACON, L.L.C.
                         555 Mission St. Suite 2300
                         San Francisco, CA 94105
                  **BY: AMIR NASSIHI, ATTORNEY AT LAW**

                         SHOOK HARDY & BACON, L.L.C
                         2555 Grand Boulevard
                         Kansas City, Missouri 64108
                  **BY: JAMES MUEHLBERGER, ATTORNEY AT LAW**

1      **Wednesday - April 20, 2022**                              **2:00 P.M.**

2                          **P R O C E E D I N G S**

3                                 ---oOo---

4          **THE CLERK:**  All right.  So reminder to everyone who's joined

5      us today we ask that you do not stream these proceedings and that

6      you don't make any audio or visual record of them including any

7      screenshots.  And we will get underway in Case number 17-4056,

8      Zeiger v. WellPet, LLC.

9          Counsel, if you would please state your appearance for the

10     record.

11         **MS. PETERSON:**  Good afternoon, Your Honor.  Rebecca Peterson

12     on behalf of plaintiff.

13         **MR. GUSTAFSON:**  Good afternoon, Your Honor.  Dan Gustafson

14     on behalf of the plaintiff.

15         **MR. BORDEN:**  Good afternoon, Your Honor.  Matt Borden on

16     behalf of the defendant.

17         **MR. NASSIHI:**  Good afternoon, Your Honor.  Amir Nassihi also

18     on behalf of the defendant.

19         **MR. MUEHLBERGER:**  James Muehlberger, good afternoon, also on

20     behalf of the defendant.

21         **MR. KWASNIEWSKI:**  And David Kwasniewski on behalf of the

22     defendant.

23         **THE COURT:**  Great.  Well, good afternoon to all of you.

24     Congratulations again on resolving this case.

25         I do have one question, Ms. Peterson, I think for you, which

1 is the length of the injunctive relief.  It goes to January 2nd
2 of 2026.  How was that date chosen?  what was the thinking about
3 that?
4     **MS. PETERSON:**  Thank you, Your Honor.
5     So that was a discussion that both parties went ack and
6 forth on.  And that was -- that's something that was reasonable
7 and that seemed reasonable with what the industry is doing now
8 that they would be, you know, possibly the only company currently
9 disclosing heavy metal results on their website.  But that, you
10 know, it was open-ended that they continue -- that they can
11 choose to continue doing it after four years if they so.
12     But plaintiffs didn't want something less than four years.
13 And we did consider the fact that, you know, because this is
14 cutting edge in a way for what dog food companies are doing
15 currently, that that was a good time period and that we didn't
16 want to -- that they could revisit it and they might choose to
17 continue doing it longer.
18     **THE COURT:** Okay.  All right.
19     Well, so I do think that this is a good result for the
20 class.  I think the disclosures on the website and the broad base
21 testing is real relief, and it's adequate.  The merits of the
22 litigation were risky, as the other cases have shown.  And it
23 would have been costly and complex to go through this.
24     This was obviously an arms-length and heavily litigated
25 case.  And the releases only go to the injunctive relief claims.

1  So I think for all of the reasons, I'll find that the
2  settlement's fair, reasonable, and adequate.  I'll certify the
3  modified settlement class.
4      And with respect to the fees and costs, given the result in
5  the case and the fact that the fees requested are half of the
6  Lodestar, I'll grant those.  And I think that the amount of
7  $7,000 for what the class rep did in this case is reasonable.  So
8  I would make all of those findings.
9      I don't know whether either -- anybody wants to say anything
10 else on the record with respect to this settlement?
11     **MR. BORDEN:**  Your Honor, this is Mr. Borden.  Thank you very
12 much for all your work on this case.
13     There's one, you know, sort of minor technical point that I
14 think is related to the testing period, which is in Section 1,
15 the testing period actually begins on January 1 of 2022.  So it
16 technically already started.
17     And what we would like to do is pursuant to Section 8 of the
18 settlement agreement, we can modify as reasonable the periods in
19 the agreement and what we'd like it to do as to start and to have
20 the four-year period start four months after the final approval
21 has been issued.  And we've discussed this with plaintiffs, and
22 they're in agreement.
23     **THE COURT:**  Okay.  So do we -- do you want to submit or do
24 you need to submit a revised proposed final order for me to sign?
25     **MR. BORDEN:**  We're happy to do that, Your Honor.  And I

6

1  think that makes sense.
2      **THE COURT:** Okay. Why don't you do that. And then I'll
3  review it and sign off on it promptly. And so thank you for your
4  work on this.
5      Anything else from anybody?
6      **MS. PETERSON:** No. But thank you, Your Honor --
7      **THE COURT:** Okay.
8      **MS. PETERSON:** -- for all your work on this case.
9      **THE COURT:** Well, it's been a while. So good luck to you
10 all. Thank you. Congratulations.
11     **MS. PETERSON:** Thank you.
12     **MR. GUSTAFSON:** Thank you, Judge.
13     **MR. BORDEN:** Thank you, Your Honor.
14     **MR. NASSIHI:** Thank you, Your Honor.
15     **MR. KWASNIEWSKI:** Thank you.
16     **MR. MUEHLBERGER:** Thank you.
17     (Proceedings adjourned at 2:06 p.m.)
18                          ---oOo---

# C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

*Dipti Patel*
_____

DIPTI PATEL, CET-997

LIBERTY TRANSCRIPTS                    Date: August 10, 2022